## C. L. YATES V. THE STATE.

No. 20114. Delivered January 25, 1939.

The opinion states the case.

*Howell C. Happ*, of Beaumont, for appellant.

148

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant, a man fifty-three years of age, was charged by complaint and information with an aggravated assault, he being an adult male, upon a female, and upon conviction he was sentenced to sixty days in the county jail. The offense was charged to have been committed upon the person of Louise Henson, she being a child of the age of eleven years.

The testimony of the little girl shows that appellant was a friend of the family, and was present at their home at the noon hour of the day of the alleged assault and ate the noon meal with the family then at home, consisting of the mother and two sisters and one brother, all the children being younger than Louise; that appellant left the house after the noon meal with the mother; that appellant soon returned by himself, the mother not being with him, his conduct being evidenced by the following quotation from Louise's testimony: "When he came back, he came in, he brought some candy back to the children and he gave me the candy and told me they could go on the porch and make a playhouse, so they went on the porch and I locked the screen door and came back in and sat down and the first thing he did then, he said 'You sure are getting pretty, in two ways,' and I said, 'What do you mean.' And he put his hand up like that and after he did that he told me to come over he wanted to tell me something, so I went over and he put his hand on my shoulder and said 'I am going in the toilet, you watch me and I'll watch you and I will show you how it is done and it will be between me and you. Well, I didn't go to the bathroom but told him to get out but he went in the bath room and when I went over to get a newspaper off the Victrola, it was over in that corner of the room, he had the door open and he had his privates out playing with them and I told him to get out right now, and he said 'I will now but don't tell your mother, I will go but don't tell your mother,' and I said 'I will tell my mother everything,' and so, he left. I just felt so ashamed."

While this conduct complained of by the little girl is reprehensible and punishable under the statute as an indecent exposure of the person, we must confess that we have searched the record for any evidence of violence of any kind, or any threatening gesture upon the part of appellant toward's the little girl's person upon which could be predicated a conviction for an assault. There is nothing in the record that can inform us as to how appellant "put his hand like that," and the sentence immediately following shows that such was but a gesture, for the witness continues: "and after he did that he told me to come

over, he wanted to tell me something." The only time that the testimony shows that appellant touched the witness was when "he put his hand on my shoulder" and made the statement about her watching him when he went into the toilet. If this statement was strong enough to have come under subdivision 6 of Art. 1147 of the Penal Code, it is sufficient to say that the complaint and information did not contain allegations sufficient to charge an offense under such a subdivision; instead he was held and tried under another and different subdivision thereof, it being subdivision No. 5, denouncing the offense of an assault by an adult male upon a female.

Under the facts as presented to us, we are forced to the conclusion that they are insufficient, and this judgment therefore is reversed and the cause remanded.